1  Jacob C. Reinbolt (Bar No. 138085)
   Paul A. Tyrell (Bar No. 193798)
2  PROCOPIO, CORY, HARGREAVES
   & SAVITCH LLP
3  530 B Street, Suite 2100
   San Diego, California 92101-4469
4  Telephone:   (619) 238-1900
5  Facsimile:   (619) 235-0398

FILED

08 MAR 27 PM 4:41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

6  Attorneys for Plaintiff,
   ROSS WHEELER ENTERPRISE, INC.,
7  a California Corporation, dba San Diego Brewing Co.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ROSS WHEELER ENTERPRISE, INC.,
a California Corporation, dba San Diego
Brewing Co.

          Plaintiff,

v.

SAN DIEGO BEER COMPANY, INC., a
California corporation,

          Defendant.

Case No. 08 CV 0583 L JMA

**COMPLAINT FOR:**

1. **Unfair Competition and False Designation of Origin in Violation of the Lanham Act;**
2. **Trade Name Infringement**
3. **Trademark Infringement**
4. **Trademark Dilution**
5. **Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200**
6. **Common Law Unfair Competition**

**JURY TRIAL DEMANDED**

---

COMPLAINT

115407/000000/811896.05

Plaintiff, Ross Wheeler Enterprise, Inc., a California corporation doing business as San Diego Brewing Co. ("SDBC"), brings this action and hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for Unfair Competition under the Federal Lanham Act, 15 U.S.C. § 1125(a), under California Business & Professions Code § 17200 et seq. and under the Common Law, and for Trademark and Trade Name Infringement and Dilution under State and Federal Law.

2. As alleged in greater detail below SDBC is a San Diego, California-based brewery and restaurant which is the owner of its well-established and registered trademark, service mark, and trade name "SAN DIEGO BREWING CO." (the "SDBC Mark"). SDBC has been using that mark and operating under that name since at least as early as 1993. SDBC has used the SDBC Mark not only in connection with its restaurant and beer, but also in connection with the sale of clothing, hats, and other marketing products.

3. Defendant, a newly formed company, is using and has plans to use the confusingly similar mark and name "SAN DIEGO BEER COMPANY" (the "Infringing Mark") in connection with the operation of a restaurant and brewing company, also based in San Diego, California. Defendant's use of the confusingly similar Infringing Mark in the same geographic area as SDBC and in connection with a business that is nearly identical to SDBC's business clearly amounts to unfair competition, as well as infringement and dilution of the well-established SDBC Mark and trade name.

4. SDBC has notified Defendant of the infringing nature of the Infringing Mark and has demanded that Defendant cease and desist in its use and planned use. Notwithstanding its actual notice of SDBC's Marks and trade name, and the infringing nature of its actions, Defendant's acts have continued unabated. Accordingly, SDBC is entitled to the injunctive and monetary relief prayed for herein.

## JURISDICTION AND VENUE

5. The federal claim alleged in this complaint arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). This Court has subject matter jurisdiction over that claim under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and over the related state causes of action under 28 U.S.C. §§ 1338(b) and 1367(a).

6. This Court has personal jurisdiction over the Defendant pursuant to 28 U.S.C. §§ 1331, 1391, and 1400 because the Defendant has its principal place of business in, and regularly conducts business in, this judicial district.

7. Venue properly lies in the Southern District of California under 28 U.S.C. § 1391 and 1400(a) as the plaintiff is a California corporation organized in this judicial district, and the Defendant has preformed the acts complained of within this judicial district.

## PARTIES

8. SDBC is a corporation organized under, and existing by virtue of, the laws of the state of California, with its principal place of business located in San Diego, California.

9. SDBC is informed and believes that San Diego Beer Company ("Defendant") is a corporation organized under, and existing by virtue of, the laws of the state of California, with its principal place of business located in the City of San Diego, California.

## FACTUAL ALLEGATIONS

**The SDBC Mark and Trade Name**

10. SDBC is, and at all times relevant to the matters alleged in this Complaint was, engaged in the business of, among other things, a full service restaurant, beer brewing, and the sale of clothing, hats, tee shirts, jackets, polo shirts and other marketing products.

11. Since at least as early as September, 1993 SDBC has adopted, used and continues to use the trade name and California registered trademark "SAN DIEGO BREWING CO." for SDBC's full-service restaurant, beer, clothing, hats, tee shirts, jackets, and polo shirts.

-3-
COMPLAINT

12. SDBC filed a fictitious business name statement in the County of San Diego for the trade name "SAN DIEGO BREWING CO." at least as early as 1999, and has continuously operated under that trade name since at least that time.

13. SDBC holds California Trademark Registration Nos. 103724, 103725 and 42744 for the SAN DIEGO BREWING CO. trademark and service mark for: beer, clothing, hats, tee shirts, jackets, polo shirts, and a full-service restaurant.

14. SDBC has United States trademark application serial no. 77370014 pending for SAN DIEGO BREWING CO. for: provision of food and drink in restaurants; restaurant and/or services; restaurant and catering services; preparation of food and beverage; serving of food and beverage.

15. At all relevant times, SDBC has been the sole owner of all right, title, and interest in and to the trade name and mark "SAN DIEGO BREWING CO." (the "SDBC Mark").

16. SDBC's full service restaurant, beer brewing, and promotional materials, including clothing, hats, tee shirts, jackets, polo shirts and other marketing products, usually display the SDBC Mark.

17. The SDBC Mark has acquired secondary meaning in that there is mental recognition in the minds of customers and potential customers that products and services connected with that mark are associated with the same source – i.e., SDBC.

**Defendant's Willful Infringing Conduct**

18. SDBC is informed and believes that Defendant is in a competing business of running a restaurant or planning to run a restaurant in downtown San Diego, California that employs the trademark "SAN DIEGO BEER COMPANY." (Defendant's infringing mark is hereinafter referred to as the "Infringing Mark").

19. The Infringing Mark is confusingly similar to the SDBC Mark.

20. SDBC has reviewed the Infringing Mark, and believes and based thereon alleges that Defendant has infringed, and is continuing to infringe, upon SDBC's registered and common law trademark rights.

-4-
COMPLAINT

21. SDBC is informed and believes that Defendant is using the Infringing Mark, and that Defendant is using the Infringing Mark for goods and services that are identical or nearly identical to those goods and services associated with the SDBC Mark.

22. SDBC is informed and believes that Defendant is using a trademark that is confusingly similar to the SDBC Mark in conjunction with the planned opening of a restaurant in downtown San Diego.

23. SDBC is informed and believes that Defendant is using a confusingly similar mark in conjunction with an application for a California Department of Alcoholic Beverage Control License.

24. SDBC is informed and believes that Defendant has posted information concerning the application for a Department of Alcoholic Beverage Control License on the Defendant's property located at 602 Broadway, Unit 101, San Diego, CA 92101.

25. SDBC is informed and believes that Defendant is using a confusingly similar trademark in an attempt to pass its goods and services off as if they are SDBC's in a manner calculated to deceive SDBC's customers and members of the general public. Defendant has utilized a confusingly similar mark in an effort to make its infringing restaurant services, beer, and associated clothing confusingly similar to SDBC's products and services.

26. The natural, probable and foreseeable result of Defendant's wrongful conduct, as alleged above, has been to cause SDBC to suffer a substantial loss of goodwill. Defendant's conduct has also created a likelihood of confusion between SDBC's products and services and Defendant's products and services, and has injured SDBC's relations with present and prospective customers.

27. SDBC is informed and believes that Defendant's use of the Infringing Mark is not only likely to cause confusion, mistake or deception in the marketplace as to the source of the goods and services, but has already done so.

28. SDBC has notified Defendant in writing of its ownership of the SDBC Mark and the infringing nature of Defendant's use of the Infringing Mark and has demanded that Defendant cease and desist in its use and planned use. Notwithstanding its actual notice of the SDBC's

Mark and trade name, and the infringing nature of its actions, Defendant has failed and refused to cease its use of the Infringing Mark or its infringement and dilution of the SDBC Mark and trade name.

29. SDBC is informed and believes that, unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, sell products and services employing, and otherwise profit from, the SDBC Mark and SDBC's trade name.

30. As a direct and proximate result of the acts alleged above, SDBC has already suffered irreparable injury, and lost profits. SDBC has no adequate remedy at law to redress all of the injuries that Defendant has caused and intends to cause by its conduct. SDBC will continue to suffer irreparable damage and sustain loss of profits unless and until Defendant's actions alleged herein are enjoined by this Court.

## CLAIMS FOR RELIEF

### FIRST CLAIM

### FOR UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF THE LANHAM ACT

### 15 U.S.C. § 1125(a)

31. SDBC hereby realleges and incorporates by this reference all of the foregoing paragraphs as though fully set forth herein.

32. Defendant's unauthorized use of the Infringing Mark and the confusingly similar trade name in connection with marketing, advertising, promotion, offering for sale and selling of its goods and services constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendant's use suggests a false designation of the origin of its goods and services.

33. Defendant has used the Infringing Mark and the confusingly similar trade name for nearly identical goods and services, in conjunction with the planned opening of a restaurant in downtown San Diego, to apply for a California Department of Alcoholic and Beverage Control license, and has posted information concerning that application on the Defendants property

1  located at 602 Broadway, Unit 101, San Diego, CA 92101.

2  34.  As a direct and proximate result of Defendant's unauthorized use of the Infringing Mark and the confusingly similar trade name, Defendant has damaged and will continue to damage SDBC's goodwill and reputation, and has caused and will continue to cause loss of sales and profits to SDBC. Defendant's actions have caused and will continue to cause irreparable harm to SDBC and to the public who are deceived as to the source of Defendant's goods and services unless restrained and enjoined by this Court. SDBC has no adequate remedy at law to prevent the Defendant from continuing its infringing actions and from injuring SDBC.

35.  As a further direct and proximate result of Defendant's actions, SDBC has been and will be damaged and is entitled to receive compensation arising from its lost sales, lost profits and efforts necessary to minimize and/or prevent customer confusion, in an amount to be proven at the time of trial. In addition, SDBC is entitled to disgorgement of Defendant's profits, and is entitled to interest and attorney's fees and costs incurred in bringing this action, all in an amount to be proven at trial. SDBC is further entitled to injunctive relief, as set forth above, and to all other and further forms of relief this Court deems appropriate.

## SECOND CLAIM

## FOR TRADE NAME INFRINGEMENT

**California Business & Professions Code §§ 14401, *et seq*.**

36.  SDBC hereby realleges and incorporates by this reference all of the foregoing paragraphs as though fully set forth herein.

37.  The actions of Defendant described herein constitute infringement of SDBC's trade name in violation of the California Trade Name Statute, Business & Professions Code § 14401, *et seq*.

38.  "SAN DIEGO BREWING CO." is well established as the trade name of SDBC and has been used by SDBC since at least as early as 1993.

39.  By virtue of SDBC's use and registration of the fictitious business name "SAN DIEGO BREWING CO." in the County of San Diego, and its registration of the SDBC

Mark as a California trademark, SDBC has the exclusive right to use that name as its trade name in the County of San Diego and in the State of California.

40. Pursuant to the express provisions of California Trade Name Statute, SDBC also has the exclusive right to use any trade name that is confusingly similar to "SAN DIEGO BREWING CO." in the County of San Diego and the State of California.

41. Defendant's willful, deliberate and unauthorized use of a trade name that is confusingly similar to "SAN DIEGO BREWING CO." in the County of San Diego and the State of California has caused confusion, and is likely to continue to cause confusion, mistake and deception, in that consumers are likely to associate and believe Defendant's goods and services are associated with, connected to, affiliated with, authorized by, endorsed by, and/or sponsored by SDBC.

42. As a direct and proximate result of Defendant's unauthorized and improper use of use of a trade name that is confusingly similar to "SAN DIEGO BREWING CO." in the County of San Diego and the State of California, Defendant has damaged, and will continue to damage, SDBC's goodwill and reputation, and has caused, and is likely to continue to cause, a loss of sales and profits for SDBC. Defendant's actions have caused and will continue to cause irreparable harm to SDBC and to the public who are confused by Defendant's unauthorized use of the confusingly similar trade name, unless restrained and enjoined by this Court. SDBC has no adequate remedy at law to prevent Defendant from continuing its infringing actions and from injuring SDBC.

43. As a further direct and proximate result of Defendant's actions, SDBC has been damaged and will continue to sustain damage, and is entitled to receive compensation arising from its lost sales, lost profits, and efforts necessary to minimize and/or prevent customer confusion, in an amount to be proven at the time of trial.

44. In addition, SDBC is entitled to disgorgement of Defendant's profits, and is entitled to interest and to its attorneys' fees and costs incurred in bringing this action. SDBC is further entitled to injunctive relief pursuant to Business & Professions Code § 14402, which

provides that "[a]ny court of competent jurisdiction may restrain, by injunction, any use of trade names in violation of the rights defined in this chapter."

## THIRD CLAIM

## FOR TRADEMARK INFRINGEMENT

### California Business & Professions Code §§ 14200, *et seq.* and Common Law

45. SDBC hereby realleges and incorporates by this reference all of the foregoing paragraphs as though fully set forth herein.

46. The actions of Defendant described herein constitute trademark infringement in violation of the California Model State Trademark Law, Business & Professions Code § 14200, *et seq.* and the Common Law.

47. SDBC's rights to the SDBC Mark are superior to any rights Defendant may claim in and to the SDBC Mark. SDBC was the first, and senior, user of the SDBC Mark in California intrastate commerce, and in interstate commerce for the applicable goods and services.

48. By using a confusingly similar trade name and mark, Defendant is passing off its goods and services as SDBC's goods and services.

49. The continued use by Defendant of the confusingly similar trade name and mark has and continues to adversely affect, threaten and dilute the goodwill and reputation SDBC has established.

50. Defendant's use of and offering of goods and services under the confusingly similar trade name and mark has caused, and continues to cause confusion as to the origin and sponsorship of the goods and services, all to the detriment of SDBC.

51. If not enjoined by the Court, Defendant's use of the confusingly similar trade name and mark in connection with nearly identical goods and services to those offered by SDBC will continue to cause confusion in the marketplace and loss of sales to SDBC.

52. If not enjoined by the court, Defendant will continue to advertise and use the confusingly similar trade name and mark.

53. Defendant's infringement of the SDBC Mark constitutes intentional, willful, knowing, and deliberate trademark infringement.

54. As a direct and proximate result of Defendant's unauthorized use of the Infringing Mark and the confusingly similar trade name, Defendant has damaged and will continue to damage SDBC's goodwill and reputation, and has caused and will continue to cause loss of sales and profits to SDBC. Defendant's actions have caused and will continue to cause irreparable harm to SDBC and to the public who are deceived as to the source of Defendant's goods and services unless restrained and enjoined by this Court. SDBC has no adequate remedy at law to prevent the Defendant from continuing its infringing actions and from injuring SDBC.

55. As a further direct and proximate result of Defendant's actions, SDBC has been and will be damaged and is entitled to receive compensation arising from its lost sales, lost profits and efforts necessary to minimize and/or prevent customer confusion, in an amount to be proven at the time of trial. In addition, SDBC is entitled to disgorgement of Defendant's profits, and is entitled to interest and attorney's fees and costs incurred in bringing this action, all in an amount to be proven at trial. SDBC is further entitled to injunctive relief, as set forth above, and to all other and further forms of relief this Court deems appropriate.

## FOURTH CLAIM
## FOR TRADEMARK DILUTION
### California Business & Professions Code §§ 14200, *et seq.*

56. SDBC hereby realleges and incorporates by this reference all of the foregoing paragraphs as though fully set forth herein.

57. The actions of Defendant described herein constitute trademark dilution in violation of the California Model State Trademark Law, Business & Professions Code § 14200, *et seq.*

58. The SDBC Mark is famous and has acquired distinctiveness in that it is widely recognized by the consuming public of this state, and within the applicable geographic area of this state, as a designation of the source of the goods or services of SDBC.

115407/000000/811896.05

59. Defendant's commercial use of the Infringing Mark and the confusingly similar trade name has caused dilution by blurring in that association arising from the similarity between the Infringing Mark and the confusingly similar trade name and the SDBC Mark has impaired and will impair the distinctiveness of the SDBC Mark.

60. Defendant's commercial use of the Infringing Mark and the confusingly similar trade name has caused dilution by tarnishment in that association arising from the similarity between the Infringing Mark and the confusingly similar trade name and the SDBC Mark has harmed and will harm the reputation of the SDBC Mark.

61. SDBC has notified Defendant of SDBC's rights to the SDBC Mark and the dilution resulting from Defendant's use of Infringing Mark and the confusingly similar trade name. Notwithstanding actual knowledge of SDBC's trademark rights and demands, Defendant continues to do the acts complained of herein.

62. Defendant has benefited and profited in an unknown amount from the dilution of the SDBC Mark. The exact amount of profits realized by Defendant as a result of its dilution of the SDBC Mark is unknown to Plaintiffs at this time and cannot be ascertained until an accounting is made.

63. SDBC has suffered damages in an unknown amount from Defendant's dilution of the SDBC Mark. The exact amount of SDBC's damages suffered as a result of Defendant's dilution of the SDBC Mark is unknown to SDBC at this time and cannot be accurately ascertained until an accounting is made.

64. Defendant's dilution of SDBC's Mark is and has been willful. Pursuant to Business & Professions Code §§ 14247 and 14250, Defendant's wilful conduct and continued dilution despite notice of such dilution justifies an award of treble damages.

## FIFTH CLAIM

## FOR UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ.

65. SDBC hereby realleges and incorporates by this reference all of the foregoing paragraphs as though fully set forth herein.

66. The actions of Defendant described herein constitute unlawful, unfair, and fraudulent business acts and practices, in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

67. The actions of Defendant described herein have taken place at least in part in the State of California.

68. Defendant's unauthorized use of the Infringing Mark has caused, and will continue to cause, confusion, mistake and deception in that customers are likely to believe that Defendant's goods and services are associated with, connected to, affiliated with, authorized by, endorsed by and/or sponsored by SDBC.

69. As a result of these acts, Defendant has received and will continue to receive sales and profits generated from the strength of SDBC's success, goodwill, and consumer recognition.

70. SDBC has suffered and will continue to suffer injury in fact and has lost money or property as a direct result of Defendant's conduct as described herein, and such injury and loss of money will continue unless the Court enjoins Defendant's acts.

71. Defendant should be required to disgorge to SDBC any and all profits earned at SDBC's expense as a result of its unlawful and unfair actions. Also, Defendant should be required to make any appropriate restitution and be subject to other equitable remedies.

## SIXTH CLAIM

## FOR COMMON LAW UNFAIR COMPETITION

72. SDBC hereby realleges and incorporates by this reference all of the foregoing paragraphs as though fully set forth herein.

73. SDBC is informed and believes and based thereon alleges that Defendant intended to use the SDBC Mark and trade name in a manner likely to confuse and mislead members of the

115407/000000/811896.05

relevant public as to the origin, sponsorship, or approval of Defendant and Defendant's products and services, and to create a false association or affiliation with the SDBC.

74.   Defendant's acts as alleged herein were malicious, willful, wanton, oppressive and outrageous.

75.   Defendants' acts as alleged herein have damaged and will continue to damage irreparably SDBC's goodwill and reputation unless restrained by this Court, and SDBC has no adequate remedy at law.

76.   Through the conduct alleged herein, Defendant is guilty of malice, fraud and/or oppression.  SDBC should therefore be awarded punitive damages in an amount according to proof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SDBC requests judgment as follows:

**On the First Claim for Unfair Competition and False Designation of Origin in Violation of the Lanham Act (15 U.S.C. § 1125(a)):**

1.   That the Court find that Defendant has unfairly competed with SDBC in violation of 15 U.S.C. § 1125(a);

2.   That the Court find that Defendant has infringed the SDBC Mark and SDBC's trade name.

3.   That Defendant, and its officers, shareholders, directors, agents, servants, employees, attorneys, parent company, confederates and all persons in active concert or participation with them, be enjoined:

(a)   From using the Infringing Mark and any combination, reproduction, counterfeit, copy or colorable imitation of the SDBC Mark, or any trademark or trade name that is likely to be confused with the SDBC Mark or SDBC's trade name, in connection with advertising, offering for sale, or the sale of goods or services that are the same or similar to those offered by SDBC, or that is likely to injure SDBC's business reputation or the reputation of the SDBC Mark or SDBC's trade name;

(b) From using any combination, reproduction, counterfeit, copy or colorable imitation of the SDBC Mark or SDBC's trade name in any manner likely to cause confusion, to cause mistake or to deceive;

(c) From selling, offering for sale, advertising, promoting, or passing off, inducing or enabling others to sell, offer to sell, advertise, promote, or pass off any goods or services similar to the goods and services provided by SDBC utilizing the SDBC Mark or SDBC's trade name;

(d) From committing any acts calculated to cause purchasers to believe that Defendant's goods and services are the goods and services of SDBC in whole or in part; and

(e) From otherwise competing unfairly with SDBC in any manner, including, but not limited to, infringing the SDBC Mark and/or trade name;

4. For an award of damages in an amount according to proof arising from Defendant's wrongful acts as alleged herein;

5. For an award of exemplary damages; and

6. For an award of attorneys' fees.

**On the Second Claim for Trade Name Infringement (Cal. Bus. & Prof. Code § 14220,** *et seq.***):**

1. That the Court find that Defendant has infringed upon SDBC's trade name;

2. That Defendant, and its officers, shareholders, directors, agents, servants, employees, attorneys, parent company, confederates and all persons in active concert or participation with them, be enjoined:

(a) From using SDBC's trade name or any name that is confusingly similar thereto in connection with advertising, offering for sale, or the sale of goods or services that are the same or similar to those offered by SDBC, or that is likely to injure SDBC's business reputation or the reputation of SDBC's trade name;

(b) From using any combination, reproduction, counterfeit, copy or colorable imitation of SDBC's trade name in any manner likely to cause confusion, to cause

-14-
COMPLAINT

115407/000000/811896.05

mistake or to deceive;

(c) From selling, offering for sale, advertising, promoting, or passing off, inducing or enabling others to sell, offer to sell, advertise, promote, or pass off any goods or services similar to the goods and services provided by SDBC utilizing SDBC's trade name;

(d) From committing any acts calculated to cause purchasers to believe that Defendant's goods and services are the goods and services of SDBC in whole or in part; and

3. For an award of damages in an amount according to proof arising from Defendant's wrongful acts as alleged herein; and

4. For an award of exemplary damages.

**On the Third Claim for Trademark Infringement and the Fourth Claim for Trademark Dilution (Cal. Bus. & Prof. Code §§ 14200, *et seq.*):**

1. That the Court find that Defendant has infringed upon and diluted the SDBC Mark in violation of California Business & Professions Code §§ 14200 *et seq.* and the Common Law;

2. That Defendant, and its officers, shareholders, directors, agents, servants, employees, attorneys, parent company, confederates and all persons in active concert or participation with them, be enjoined:

(a) From using the Infringing Mark and any combination, reproduction, counterfeit, copy or colorable imitation of the SDBC Mark, or any trademark or trade name that is likely to be confused with the SDBC Mark or SDBC's trade name, in connection with advertising, offering for sale, or the sale of goods or services that are the same or similar to those offered by SDBC, or that is likely to injure SDBC's business reputation or the reputation of the SDBC Mark or SDBC's trade name;

(b) From using any combination, reproduction, counterfeit, copy or colorable imitation of the SDBC Mark or SDBC's trade name in any manner likely to cause confusion, to cause mistake or to deceive;

(c) From selling, offering for sale, advertising, promoting, or passing off, inducing or enabling others to sell, offer to sell, advertise, promote, or pass off any goods or services

COMPLAINT
115407/000000/811896.05

similar to the goods and services provided by SDBC utilizing the SDBC Mark or SDBC's trade name;

(d) From committing any acts calculated to cause purchasers to believe that Defendant's goods and services are the goods and services of SDBC in whole or in part; and

(e) From otherwise competing unfairly with SDBC in any manner, including, but not limited to, infringing the SDBC Mark and/or trade name;

3. For an award of damages in an amount according to proof arising from Defendant's wrongful acts as alleged herein;

4. For an award of exemplary damages; and

5. For an award of attorneys' fees.

**On the Fifth Claim for Unfair Competition (Cal. Bus. & Prof. Code § 17200, *et seq*.):**

1. That the Court find that Defendant has engaged in unfair competition pursuant to California Business & Professions Code § 17200, *et seq*.

2. For a permanent injunction enjoining Defendants and their agents, servants and employees, and all such persons acting under, in concert with or for them from continuing to engage in the acts of unfair competition alleged herein;

3. That Defendants disgorge all ill-gotten gains received as a result of the unfair competition as alleged herein;

4. For restitution to Plaintiffs in an amount according to proof; and

5. For an order that Defendants render an accounting to ascertain the amounts received by Defendants as a result of the acts of unfair competition as alleged herein.

**On the Sixth Claim for Common Law Unfair Competition:**

1. For a permanent injunction enjoining Defendants and their agents, servants and employees, and all such persons acting under, in concert with or for them from continuing to engage in the acts of unfair competition alleged herein;

2. That Defendants disgorge all ill-gotten gains received as a result of the unfair competition as alleged herein;

-16-

COMPLAINT

3. For restitution to Plaintiffs in an amount of more than $500,0000, according to proof;

4. For an order that Defendants render an accounting to ascertain the amounts received by Defendants as a result of the acts of unfair competition as alleged herein;

5. For an award of damages in an amount according to proof arising from Defendant's wrongful acts as alleged herein; and

6. For exemplary damages.

**On All Claims for Relief:**

1. For costs of suit incurred herein;

2. For equitable relief; and

3. For such other and further relief as the Court may deem just and proper.

DATED: March 27, 2008

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: *[signature]*
Jacob C. Reinbolt
Paul A. Tyrell
Attorneys for Plaintiff,
ROSS WHEELER ENTERPRISE, INC., a California Corporation, dba San Diego Brewing Co.

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

        # 149166    - SH
        * * C O P Y * *
         March 27, 2008
            16:44:46


        Civ Fil Non-Pris
USAO #.: 08CV0583
Judge..: M. JAMES LORENZ
Amount.:              $350.00 CK
Check#.: BC9187



     Total-> $350.00



FROM: WHEELER ENTERPRISE INC V.
      SAN DIEGO BEER CO ET AL
```

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ross Wheeler Enterprise, Inc., a California Corporation, dba San Diego Brewing Co.

## DEFENDANTS
San Diego Beer Company, Inc., a California Corporation

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)

08 MAR 27 PM 4:40
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

'08 CV 0583 L JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Unfair competition / Trademark infringement U.S.C. 1125

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 500,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 3/27/08
SIGNATURE OF ATTORNEY OF RECORD: For Paul Tyrell

**FOR OFFICE USE ONLY**

RECEIPT # 149166 AMOUNT $350 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

8a 3/27/08

CR